IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTONIO GLASS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 CV 164 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| VILLAGE OF MAYWOOD, et al., | ) | Magistrate Judge Jeffrey I. Cummings |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion for entry of a protective order, (Dckt. #75), filed by third-party subpoena respondent Cook County State's Attorney's Office (the "CCSAO"). For the reasons set forth below, the CCSAO's motion for protective order is denied.

**I.  BACKGROUND**

Plaintiff Antonio Glass brings this action pursuant to 42 U.S.C. §1983 against the Village of Maywood and two of its officers alleging false arrest, unlawful pretrial detention, and malicious prosecution arising out of his June 2020 arrest for illegal possession of a firearm, for which he was ultimately acquitted. The parties proceeded with fact discovery, which was initially set to close on January 31, 2023.

On November 10, 2022, plaintiff served the CCSAO with a subpoena requesting the production of the criminal file in plaintiff's underlying case, *People of the State of Illinois v. Antonio Glass*, Case No. 20C44017801. (Dckt. #88 at 2-3). According to the CCSAO, pursuant to its policies, it then ordered the file and sent it to its vendor to be converted into digital format. On May 2, 2023, the CCSAO produced a redacted version of the criminal file and an accompanying privilege log, identifying approximately 40 documents it was

1

withholding/redacting either: (1) as privileged under the deliberative process privilege; (2) due to "personal identifying" and "private" information; and/or (3) as otherwise barred from production pursuant to 20 Ill. Admin. Code 1240.80(d). (Dckt. #88 at 4-8). Upon receipt of the log, plaintiff's counsel informed the CCSAO of her belief that the deliberative process privilege did not apply in this case and that the confidentiality order already in place could alleviate any privacy concerns. (Dckt. #82-1 at 10-11). The CCSAO then produced an amended privilege log, dated May 10, 2023, now asserting the work product privilege for every document it had previously asserted the deliberative process privilege. (Dckt. #88 at 10-12).

In the instant motion for protective order, the CCSAO continues to assert the work product and deliberative process privileges and asks the Court to enter an order "protecting it from producing any further unredacted copies of the criminal file."[1] (Dckt. #75 at 5). Plaintiff asserts that the CCSAO waived any claims of privilege over the documents responsive to the subpoena by failing to assert its privilege claims in a timely manner and, further, that the CCSAO has failed to show that either privilege is applicable under the circumstances here. For the reasons set forth below, the Court agrees on all scores.

II.     ANALYSIS

    A.     **Standard for a Protective Order**

Rule 26(c) provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). "The party seeking a protective order must show that good cause exists, and this court 'maintains the discretion to determine whether a protective order is appropriate and

---

[1] The CCSAO makes *no* substantive argument in its motion as to why the documents can be withheld under 20 Ill. Admin. Code 1240.80(d). As such, the CCSAO's objections on this basis are overruled.

2

what degree of protection is required.'" *Rodriguez v. City of Chicago*, No. 17 CV 7248, 2018 WL 3474538, at *4 (N.D.Ill. July 19, 2018), *quoting Nieves v. OPA, Inc.*, 948 F.Supp.2d 887, 891 (N.D.Ill. 2013); *see also Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013) (noting that district court judges "enjoy extremely broad discretion in controlling discovery"). Good cause "generally signifies a sound basis or legitimate need to take judicial action." *Nieves*, 948 F.Supp.2d at 891 (internal quotation and citations omitted).

    **B.**    **The CCSAO waived its claims of privilege by failing to assert them in a timely manner.**

Plaintiff asserts that the CCSAO waived its claims to privilege over the documents that are responsive to the subpoena by failing to assert its claimed privileges for roughly seven months between the date it received service of the subpoena (November 10, 2022) and when it produced a privilege log and responsive documents (May 2, 2023). "Rule 45 requires a person commanded to produce documents by a subpoena to serve a written objection 'before the earlier of the time specified for compliance or 14 days after the subpoenas is served.'" *Young v. City of Chicago*, No. 13 C 5651, 2017 WL 25170, at *6 (N.D.Ill. Jan. 3, 2017), *quoting* Fed.R.Civ.P. 45(d)(2)(B). In addition, a subpoena recipient who withholds subpoenaed documents based on a claim of privilege must "expressly make the claim" and produce a privilege log. Fed.R.Civ.P. 45(e)(2)(A)(i); *Young*, 2017 WL 25170, at *6.

There is no question that the CCSAO's assertion of its claims of privilege was untimely and the CCSAO offers no explanation for this extended delay in its motion.[2] Moreover, the CCSAO's sequential assertion of its privilege claims – first, the deliberative process privilege and, later, after plaintiff rebutted the deliberative process privilege, (Dckt. #82-1), the work

---

[2] The CCSAO's cumbersome and protracted process for getting the responsive documents ready for production, (Dckt. #75 at 1-2), does not exempt the CCSAO from Rule 45's requirement to timely assert all objections and claims of privilege.

3

product privilege – is inconsistent with good faith and suggestive of foot-dragging and a cavalier attitude towards the requirements of Rule 45. *Young*, 2017 WL 25170, at *7-8. "As the Seventh Circuit has stated, 'Rule 45 require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a game.'" *Id.*, at *8, *quoting Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012) (internal quotation marks omitted); *F.T.C. v. Trudeau*, No. 03 C 3904, 2013 WL 842599, at *3 (N.D.Ill. Mar. 6, 2013). For these reasons, the Court finds that the CCSAO has waived its claims of privilege over the documents that are responsive to the subpoena. *See, e.g., Young*, 2017 WL 25170, at *7-8. Notwithstanding this finding of waiver, for the reasons that follow, the privileges do not otherwise apply.

### C. The work product privilege is not applicable to the underlying criminal file.

The work product privilege, which is codified in Federal Rule of Civil Procedure 26(b)(3), protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed.R.Civ.P (26)(b)(3); *Trustees of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, No. 1:19-CV-2965, 2022 WL 2341290, at *2 (N.D.Ill. June 29, 2022) (citing *MSTG, Inc. v. AT&T Mobility LLC*, No. 08 C 7411, 2011 WL 221771, at *2 (N.D.Ill. Jan. 20, 2011)). "The purpose of the qualified privilege for attorney work product . . . is to establish a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary." *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006). The CCSAO, as the party resisting discovery, has the burden of establishing that the work product privilege applies. *See, e.g., Coachman Indus. Inc. v. Kemlite*, No. 3:06-CV-160 CAN, 2007 WL 3256654, at *2 (N.D.Ind. Nov. 2, 2007). The CCSAO falls short of meeting its burden here.

4

First, while generally speaking the work product privilege "endures after termination of the proceedings for which the documents were created," *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006), many courts in the Seventh Circuit have "expressly found the [work product] privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil lawsuit." *Walls v. Vasselli*, No. 19 C 06468, 2022 WL 1004248, at *2 (N.D.Ill. Apr. 4, 2022) (internal quotation and citation omitted); *Hill v. City of Chicago*, No. 13 C 4847, 2015 WL 12844948, at *3 (N.D.Ill. May 28, 2015) ("[A] number of cases have held that the work product doctrine does not protect a prosecutor's files in a subsequent, related civil action."). The Court reaches the same conclusion here. Indeed, "because the CCSAO is not an adversarial party in this case and the criminal matter has long since resolved, the purposes of work product protection . . . are not of significant concern," and the CCSAO has offered no reason to otherwise depart from the "majority view" in this regard.[3] *Walls,* 2022 WL 1004248, at *2-3.

Moreover, even if the work product privilege were applicable, the CCSAO has done nothing more than generically assert – without elaboration – that the "handwritten notes and mental impressions" were "prepared in anticipation of the underlying criminal trial" and "are protected by the work product privilege." (Dckt. #75 at 4). This is insufficient to satisfy its burden to show that the privilege applies. *See, e.g., DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2021 WL 3109662, at *6 (N.D.Ill. July 22, 2021).

For these reasons, the CCSAO's assertions of the work product privilege are overruled.

---

[3] The CCSAO's reliance on *Hobley*, 433 F.3d 946, and its progeny, is misplaced under these circumstances. (Dckt. #75 at 3-4). As plaintiff notes – and the Court explained in *Walls* – *Hobley* "does not stand for the general proposition that a non-party may assert work product protection over materials sought via subpoena." *Walls*, 2022 WL 1004248, at *2.

D. **The CCSAO has failed to meet its burden to show that the deliberative process privilege applies.**

The federal common law deliberative process privilege protects communications that are part of the decision-making process of a governmental agency. *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The purpose of the privilege is to encourage candid discussion among government agents, as frank discussion of legal and policy matters is essential to a government agency's decision-making process. *Id.* When evaluating assertions of the deliberative process privilege, courts apply a two-part test. *Ferrell v. U.S. Dep't of Hous. & Urban Dev.*, 177 F.R.D. 425, 428 (N.D.Ill. 1998). First, the Court asks whether the privilege applies to the documents at issue. *Edgar*, 964 F.Supp. at 1209. If this showing is made by the party asserting the privilege, the privilege may still be overcome if the moving party demonstrates a "particularized need" for the withheld documents that outweighs the reasons for confidentiality. *Id.* at 429. Here, the CCSAO has failed to meet its burden to show that the privilege applies.

To begin, as this Court recently acknowledged, a "number of district Courts within the Seventh Circuit have concluded that the deliberative process privilege does not apply in cases, like this one, where the government's decision-making process is central to the case." *Gudkovich v. City of Chicago*, No. 1:17-CV-8714, 2022 WL 252716, at *9 (N.D.Ill. Jan. 27, 2022) (collecting cases). "Other courts have . . . held that the deliberative process privilege can apply to memoranda, notes, and other documents created while evaluating whether to prosecute

6

an individual defendant." *Walls*, 2022 WL 1004248, at *2 (citing cases).[4] In the absence of clear guidance by the Seventh Circuit on this issue, several courts in this District have declined to adopt such a categorical approach and have instead applied the established two-step formula on a case-by-case – and document-by-document – basis. *See, e.g., Illinois Coalition for Immigrant and Refugee Rights, Inc. v. Wolf*, 19 C 6334, 19 C 6334, 2020 WL 7353408, at *2 (N.D.Ill. Dec. 15, 2020) (declining to follow categorical approach); *Illinois League of Advocates for the Developmentally Disabled v. Quinn*, No. 13 C 1300, 2013 WL 4734007, at *3 (N.D.Ill. Sept. 3, 2013) ("In the absence of clear precedent, we are reluctant to preclude reliance on the privilege – generally a case-specific proposition – as a matter of law."). The Court similarly proceeds to the two-part test here.

Under the first step, in order for the asserting party to make a *prima facie* showing that the deliberative process privilege applies, three things must occur:

> (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents.

*Ferrell*, 177 F.R.D. at 428. Here, the CCSAO has failed to submit an affidavit or declaration by a department head with control over this matter. "As a result, no formal claim of privilege has been made by an appropriate official and no 'precise and certain' reasons have been given for preserving the confidentiality of these emails by someone with personal knowledge of those

---

[4] Plaintiff argues that the privilege is inapplicable to the CCSAO because it is not a federal agency. (*See* Dckt. # 82 at 3) (citing *Murdock v. City of Chi.*, 565 F. Supp. 3d 1037, 1043 (N.D.Ill. 2021) ("[F]ederal common law recognizes a deliberative process privilege for federal agencies")). However, notwithstanding *Murdock*, "many district courts within this circuit as well as in other jurisdictions . . . have applied the deliberative process privilege to state and municipal actors." *Santiago v. City of Chicago*, No. 1:19-CV-04652, 2023 WL 5096288, at *6 (N.D.Ill. Aug. 9, 2023) (collecting cases).

reasons."[5] *Gudkovich*, 2022 WL 252716, at *10. Accordingly, the CCSAO has failed to satisfy its burden to make a *prima facie* showing that the privilege applies, and the Court need not proceed to the second step regarding plaintiff's "particularized need" for the documents. *See e.g., Evans v. City of Chicago*, 231 F.R.D. 302, 319 (N.D.Ill. 2005) ("Because the PRB has failed to make a *prima facie* showing of privilege, we need not consider the question of particularized need as to these PRB documents.").

For these reasons, the CCSAO's assertions of the deliberative process privilege are overruled.

### E. The confidentiality order will protect any private information in the underlying criminal file.

Lastly, any concerns regarding the privacy of information in the remaining unredacted files can be alleviated by the confidentiality order already in place in this matter. (Dckt. #59); *Schaeffer v. City of Chicago*, No. 19 C 7711, 2020 WL 7395217, at *2-3 (N.D.Ill. Dec. 15, 2020). Although the CCSAO briefly asserts in its motion that it proposed to plaintiff an amended confidentiality order to specifically cover the personal identifying information, (Dckt. #75 at 2), it failed to submit such a protective order to the Court or otherwise articulate why the confidentiality order already in place is insufficient to protect the information. As such, the CCSAO is directed to produce the remaining unredacted criminal file pursuant to the confidentiality order.

---

[5] Although some courts will recognize the assistant state's attorney ("ASA") who prosecuted the underlying case as "the person best equipped to assert and defend the privilege claim," *Walls*, 2022 WL 1004248, at *4, the ASA that produced the privilege log here is currently in the "Civil Actions Bureau" and the CCSAO has not asserted that she prosecuted the underlying matter. (Dckt. #88 at 8). Furthermore, the CCSAO has not provided *any* supporting declaration asserting the privilege here.

## CONCLUSION

For the foregoing reasons, the CCSAO's motion for protective order, (Dckt. #75), is denied. The CCSAO shall produce the remaining documents by October 18, 2023.

**DATE: October 4, 2023**

_____
**Jeffrey I. Cummings
United States Magistrate Judge**